DLD-205                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2485
_____

IN RE: DAVID H. PINCKNEY,
                                   Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3:24-cv-08474)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.

August 28, 2025
Before: RESTREPO, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed September 16, 2025 )
_____

OPINION[*]
_____

PER CURIAM

    David Henry Pinckney, a frequent filer in the District Court, has filed several

mandamus petitions in our Court.  In the one at issue here, he asks us to reverse the

District Court's dismissal of his complaint and to direct the District Court to rule on his

"Rule 56 submission."  We decline to issue the requested writ.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

On August 13, 2024, Pinckney filed a complaint pursuant to multiple federal statutes against "Somerset Probation Child Support Enforcement" ("Somerset"). On April 16, 2025, Somerset filed a motion to dismiss the complaint, and Pinckney filed a response on April 29, 2025. Pinckney then filed the instant petition for writ of mandamus on August 5, 2025. At the time of his filing, the District Court had not yet ruled upon Somerset's motion to dismiss. However, the District Court has since granted the motion, dismissing Pinckney's complaint without prejudice and without leave to amend. The District Court also ruled on Pinckney's Rule 56 submission by incorporating it into his complaint and dismissing it therewith.

A writ of mandamus is a drastic remedy that is available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378–79 (3d Cir. 2005). To obtain relief, a petitioner must show that he has no other adequate means to obtain relief, that he has a clear and indisputable right to the writ, and that the writ is appropriate under the circumstances. See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam). Pinckney has not made that showing here.

To the extent that Pinckney seeks an order compelling the District Court to rule on his Rule 56 filing, the District Court has since dismissed it as part of his complaint, and that request is therefore moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996). To the extent that Pinckney seeks to challenge the District Court's dismissal of his complaint, this mandamus proceeding may not be used as a substitute for an appeal, see Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996), and

2

Pinckney has not shown that an appeal from the District Court's judgment would be an inadequate remedy. See In re Abbott Lab'ys, 96 F.4th 371, 385 (3d Cir. 2024). Accordingly, we will deny the mandamus petition.